IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA L. COENEN, ) | |
| ) | |
| Plaintiff, ) | 4:09CV3120 |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | MEMORANDUM AND ORDER |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This is an action for judicial review of a final decision of the Commissioner of the Social Security Administration ("Commissioner"). Plaintiff appeals a final determination of the Commissioner denying her application for Social Security benefits. This court has jurisdiction under 42 U.S.C. § 405(g). On June 18, 2004, plaintiff filed an application for disability benefits, alleging disability beginning August 22, 2002. Social Security Transcript ("Tr."), Filing No. 8. The Commissioner denied plaintiff's claims, initially, as well as upon reconsideration. The ALJ denied plaintiff's claim on June 5, 2007. Vocational expert Anita Howell appeared and testified at a hearing before the Administrative Law Judge ("ALJ"). Plaintiff's attorney also appeared at the hearing. The ALJ found that plaintiff cannot perform her past relevant work as a meatcutter or store owner but can perform a limited range of sedentary, unskilled work in such jobs as shipping order clerk, general clerk and file clerk. Tr. at 20-21. Plaintiff filed a request for review of the ALJ's decision before the Social Security Appeals Council ("Appeals Council"). The Appeals Council found against the plaintiff. Plaintiff then filed this action in the United States District Court for the District of Nebraska.

## STANDARD OF REVIEW

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot, considering . . . his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

An ALJ evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience. *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler,* 733 F.2d 531, 533 (8th Cir. 1984). If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience. *See Braswell*, 733 F.2d at 533. If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel,* 204 F.3d 853, 857 (8th Cir. 2000). A claimant's residual functional capacity is a medical question. *See id*. at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

Residual Functional Capacity ("RFC") is defined as the claimant's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and

continuing basis, i.e., eight hours a day, five days a week, or an equivalent work schedule. Soc. Sec. Rul. 96-8p.  RFC is what an individual can still do despite his impairments and the resulting limitations.  While the RFC is a medical question, *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000), RFC is not based solely on "medical" evidence. *See McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000) (holding that the Commissioner must determine a claimant's RFC based on all of the relevant evidence, including medical records, observations of treating physicians and others, and an individual's own description of the limitations).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner.  *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995).  Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole.  *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan,* 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990).  "Substantial evidence is that which a reasonable mind would find as adequate to support the ALJ's decision."  *Brown v. Chater,* 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the district court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it."  *Warburton v. Apfel,* 188 F.3d 1047, 1050 (8th Cir. 1999).  If the district court finds that the record contains substantial evidence supporting

the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

## BACKGROUND

Claimant is now 55 years old and has Grave's disease, lumbar disc disease, depression, pain, and previously had ACL knee surgery. Plaintiff was 47 years old on her alleged onset date in August 2002. She had past relevant work as a store owner and a meatcutter. During the period in question, plaintiff at times walked her dog four to six miles a day when she felt good, and at other times she could only walk her dog a few blocks. Plaintiff has a limited education. Plaintiff testified that she does some household chores. Plaintiff contends that the ALJ erred by (1) not sufficiently crediting the opinion of her treating physician; (2) failing to take her complaints of pain into account; and (3) failing to ask the vocational expert questions that took into account all of plaintiff's ailments. Plaintiff's friend and next-door neighbor, Tashe Kannec, also testified that plaintiff had pain, limited her activities, and could not work.

The ALJ determined that in 2001 plaintiff tore her ACL and required surgery. The ALJ concluded that, based on the record, plaintiff recuperated over time from the knee injury. The ALJ also found that the plaintiff had back problems but these problems were not so severe in nature as to constitute finding plaintiff disabled. Further, the ALJ determined that plaintiff has Grave's disease, but such disease is under control with medication. Finally, the record shows that plaintiff suffers from depression and for a time

took Lexapro, but the ALJ found that the depression was treated, was not well documented, and was not disabling.

## DISCUSSION

### A. TREATING PHYSICIAN

Error exists when an ALJ fails to consider or discuss a treating physician's opinion that a claimant is disabled when the record contains no contradictory medical opinion. *Hogan v. Apfel,* 239 F.3d 958, 961 (8th Cir. 2001). "[A] treating physician's opinion regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Prosch v. Apfel,* 201 F.3d 1010, 1012-1013 (8th Cir. 2000) (quoting 20 C.F.R. § 404.1527 (d)(2) (2006)). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Hogan,* 239 F.3d at 961. An ALJ cannot substitute his opinion for the medical opinions. *Ness v. Sullivan,* 904 F.2d 432, 435 (8th Cir. 1990).

Plaintiff claims the ALJ failed to adequately consider the opinion of the treating physicians and, in particular, the findings of the treating physician, Dr. Steven Saathoff, dated November 22, 2006. Dr. Saathoff opined that plaintiff is fully disabled, as she can lift less than 10 pounds, stand and walk less than two hours a day, sit for less than six hours a day, climb and balance and kneel occasionally, and never crouch, crawl or stoop. Tr. at 449-50. The court has carefully reviewed the findings of the ALJ as well as the entire record. The court finds there is substantial evidence on the record to support the findings of the ALJ with regard to the treating physician issues. The ALJ found no objective

evidence to support Dr. Saathoff's opinion that plaintiff is fully disabled. Tr. at 16. The ALJ relied on testimony and evidence that plaintiff can walk her dog and do chores, and the ALJ noted that plaintiff has use of her hands. The court finds the ALJ correctly determined that Dr. Saathoff's opinion was entitled to some, but not controlling, weight. The court further finds that the ALJ's decision is supported by substantial evidence.

### B. SUBJECTIVE COMPLAINTS

The standard, in the Eighth Circuit, for evaluating a claimant's subjective complaints of pain in Social Security cases is *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). According to the Eighth Circuit, an ALJ may not disregard a plaintiff's subjective complaints solely because the objective medical evidence does not fully support them:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The [ALJ] must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The [ALJ] is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the record as a whole.

*Id.* at 1322 (emphasis in original). "Pain is recognized as disabling when it is not remediable and precludes a claimant from engaging in any form of substantial gainful activity. . . . The mere fact that working may cause pain or discomfort does not mandate

a finding of disability." *Cruse v. Bowen*, 867 F.2d 1183, 1183 (8th Cir. 1989) (citations omitted).

"While the ALJ may not discount a social security disability claimant's complaints solely because they are not fully supported by objective medical evidence, a claimant's complaints may be discounted based on the inconsistencies in the record as a whole." *Ellis v. Barnhart,* 392 F.3d 988, 996 (8th Cir. 2005). "Allegations of disabling pain made by claimant seeking social security disability benefits may be discredited by evidence that claimant has received minimum medical treatment and/or has taken only occasional pain medication." *Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998). In addition, "[t]he determination of mental RFC is crucial to the evaluation of an individual's capacity to engage in substantial gainful work activity." 20 C.F.R. § 404, Subpt. P, App. 1, § 12.00A.

Claimant contends the ALJ failed to adequately consider the subjective complaints of pain. However, the court finds the ALJ did adequately consider plaintiff's allegations of pain and other subjective complaints. The ALJ found some of the plaintiff's claims to lack credibility. The ALJ discussed the plaintiff's daily activities and determined that at times plaintiff walked up to four miles with her dog. That finding was apparently true in 2003, but plaintiff claims by 2004 she could only walk ten to sixty minutes and sometimes just a couple of blocks. She reported to Dr. Rob Schwab in December 2004 that her pain level was a 6/10; to Dr. C. James Kissling that her back pain was a 4/10 in October 2004; and in January 2005, to Dr. Schwab that her pain was a 1/10 or a 2/10. At that same time she had 5/5 leg strength. Tr. at 435. Her testimony at the January 2007 hearing was that she had severe back pain. However, no doctor had recommended back surgery and she was not taking any pain medications, other than Tylenol and Motrin. In 2005 when plaintiff saw

7

Drs. Kissling and Schwab, she had full range of motion in her back, full leg strength and could walk on her heels and toes. Tr. at 369, 371-72, 386 and 435. Further, X-rays showed only mild degenerative spondylosis. Tr. at 444-45. The court finds there is substantial evidence to support the finding of the ALJ and further finds the ALJ adequately considered plaintiff's allegation of pain and the discrepancies in the record.

### C. VOCATIONAL EXPERT

To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with RFC similar to that of the claimant. A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes [sic] substantial evidence only where such questions precisely set forth *all* of the claimant's physical and mental impairments." *Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (emphasis in original) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983)). Courts apply a harmless error analysis during judicial review of administrative decisions that are based, in part, on hypothetical questions. For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred. See *Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003).

The court has carefully reviewed the hypothetical questions posed to the VE. Tr. at 497-501. The court finds the questions included those impairments found credible by

the ALJ. This court has already found that the ALJ's determination is supported by substantial evidence. The court finds the ALJ's questions posed to the VE are supported by substantial evidence on the record and should be affirmed.

THEREFORE, IT IS ORDERED that the court finds in favor of the defendant and against the plaintiff. A separate judgment is filed in accordance with this Memorandum and Order.

DATED this 3rd day of June, 2010.

BY THE COURT:


s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.